## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Zdenko Jakisa,<br><br>    Defendant. | Case No. 14-cr-119 (SRN/SER)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Ann Marie Ursini, United States Department of Justice, Criminal Division, 1301 New York Avenue NW, Suite 200, Washington DC 20530; and Nathan P. Petterson, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Reynaldo Aligada, Jr., Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415; and Theresa M. Bevilacqua, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

   This matter is before the Court on the Government's Objections [Doc. No. 47] to Magistrate Judge Steven E. Rau's December 30, 2014 Report and Recommendation [Doc. No. 46], which recommended that Defendant's Motion to Dismiss Indictment of Time-Barred Claims and for Pre-Indictment Delay [Doc. No. 24] be granted.  For the following reasons, the Court sustains the Government's Objections and respectfully declines to adopt the Report and Recommendation.

1

## II.    BACKGROUND

Defendant Zdenko Jakisa was indicted on one count of being in possession of

unlawfully-obtained documents in violation of 18 U.S.C. § 1546(a).  (Indictment [Doc.

No. 1] at 1.)  The Indictment alleges:

> On or about April 17, 2014, in the State and District of Minnesota, the defendant, ZDENKO JAKISA, did knowingly possess a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, that is a Permanent Resident Card (an I-551), commonly referred to as a "Green Card," which the Defendant knew to have been procured by means of materially false claims and statements and otherwise unlawfully obtained, in that in response to oral and written questions during his refugee and legal permanent resident applications, Defendant failed to reveal:
>
> a.   He was a member of the . . . armed forces of the Croatian Defense Council in Bosnia and Herzegovina ("Bosnia") . . . during the Bosnian Conflict;
>
> b.   He had been arrested, charged, indicted and imprisoned for breaking or violating the law in Bosnia; and
>
> c.   He had committed crimes of moral turpitude in Bosnia.

(Id. at 1–2.)

Defendant moves to dismiss the Indictment on the grounds that it improperly

asserts claims that are barred by the applicable statute of limitations and that there were

pre-indictment delays that resulted in a violation of his rights to due process and a speedy

trial.  (Def.'s Mot. to Dismiss Indictment of Time-Barred Claims and for Pre-Indictment

Delay [Doc. No. 24] ("Def.'s Mot.") at 1.)  Both parties submitted briefing [Doc. Nos.

24, 32], and the matter was heard by the Magistrate Judge on October 31, 2014.  After

2

requesting and receiving supplemental briefing [Doc. Nos. 34, 36, 37], the Magistrate

Judge issued his Report and Recommendation ("R&R") on December 30.

In the R&R, the Magistrate Judge noted that the parties agree on the following:

the alleged offense is subject to the general five-year statute of limitations in 18 U.S.C.

§ 3282(a); the allegedly false statements were made, at the latest, in 2001 when

Defendant applied for legal permanent resident status; and the events relevant to whether

the statements actually were false occurred sometime before January 1998.  (Report and

Recommendation [Doc. No. 46] ("R&R") at 3.)  Thus, the Magistrate Judge determined,

the only question was when the five-year statute of limitations begins to run for the

offense of being in possession of an immigration document known to have been procured

by false statements.  (Id.)

In concluding that the offense is not a "continuing offense" and, therefore, "the

statute of limitations begins to run when the defendant first possesses the procured

immigration document," (id. at 5, 15), the Magistrate Judge determined that the explicit

language of § 1546(a) does not compel the conclusion that the offense is continuing, and

the nature of the offense is not such that Congress assuredly intended it to be a continuing

offense, (id. at 7, 14).  As to the latter point, the Magistrate Judge reasoned that, although

many courts find that possession in contraband-in-possession cases is a continuing offense,

the contraband here is different because it is not "inherently" contraband.  (See id. at 8–10.)

Therefore, the Magistrate Judge was not persuaded by the reasoning of other courts that

found the offense at issue, like other contraband-in-possession offenses, to be continuing.

(See id. at 11–14.)

Because the Indictment was filed on April 22, 2014 and does not allege that Defendant first possessed the permanent resident card at issue within the five years preceding that date, the Magistrate Judge concluded that the Indictment is untimely and recommended that it be dismissed.  (See id. at 15–16.)  In light of that recommendation, the Magistrate Judge declined to address Defendant's claim of pre-indictment delay.  (See id. at 16.)  The Government filed its Objections on January 13, 2015 [Doc. No. 47], and Defendant responded on January 27 [Doc. No. 48], urging this Court to adopt the R&R.

## III.    DISCUSSION

### A.    The Standard of Review and the Government's Objections

The district court reviews de novo those portions of the R&R to which an objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).  In its Objections, the Government challenges the R&R's conclusion that possessing a fraudulent permanent resident card under 18 U.S.C. § 1546(a) is not a continuing offense for statute of limitations purposes.  (Govt.'s Objs. to R&R [Doc. No. 47] at 1.)  Specifically, the Government argues that the plain text and purpose of that statutory provision demonstrate that the offense is a continuing offense, that every court to address this issue has correctly found the offense to be a continuing offense, and that the Magistrate Judge's contrary conclusion is not persuasive because it does not comport with the statutory language or with established case law regarding possession of contraband.  (See id. at 3–11.)

The Court agrees with the Government.  Although the statute of limitations generally begins to run on the date an offense is completed, there is an exception for "continuing offenses."  United States v. Gonzalez, 495 F.3d 577, 580 (8th Cir. 2007) (citation omitted). "For those crimes, the statute of limitations does not begin to run when all elements are first present, but rather begins when the offense expires."  Id. (citation and internal quotation marks omitted).  The exception is limited and, according to the U.S. Supreme Court in Toussie v. United States, is invoked when "the explicit language of the substantive criminal statute compels [the] conclusion [that a particular offense should be construed as a continuing one], or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."  397 U.S. 112, 115 (1970).  Here, § 1546(a) includes "possess[ion]" of an immigration document known to have been unlawfully obtained as a distinct offense, and the statute's plain language demonstrates that it is meant to prohibit the ongoing conduct of possessing such a document.  In addition, established case law demonstrates that the nature of that offense is such that Congress must assuredly have intended it to be treated as a continuing offense.[1]  Accordingly, the statute of limitations for this offense begins when the possession ends.

---

[1]     The Magistrate Judge's conclusion also was based on the second Toussie prong, and he noted that the parties did not argue that the first prong applies.  (See R&R at 8–14.)  However, Defendant contends that the Government argues in its objections that § 1546(a) does fall within the first prong by "claim[ing] the language of Section 1546(a) itself creates a continuing offense."  (Def.'s Resp. to Govt.'s Objs. to R&R [Doc. No. 48] at 4.)  The Court finds, on the contrary, that the Government is simply arguing that the plain language of the statute demonstrates that the nature of the offense that Congress criminalized is such that Congress must have intended it to be a continuing one, not that the plain language explicitly states as much.  (See Govt.'s Objs. at 3–6.)

### 1.      Plain language

In any case involving statutory construction, the starting point is the plain language

of the statute.  Adams v. Apfel, 149 F.3d 844, 846 (8th Cir. 1998) (citation omitted).  Under

the "plain language rule," the Court must examine the statute's text "as a whole by

considering its context, object, and policy."  United States v. Boesen, 541 F.3d 838, 846

(8th Cir. 2008) (citation and internal quotation marks omitted).  "In addition, [the Court will

be] 'reluctan[t] to interpret a statutory provision so as to render superfluous other provisions

in the same enactment.'"  Adams, 149 F.3d at 846 (quoting Freytag v. Comm'r, 501 U.S.

868, 877 (1991)).  Finally, "ambiguities in criminal statutes must be resolved in favor of

lenity."  Rowe v. Lockhart, 736 F.2d 457, 461 (8th Cir. 1984) (citing Dunn v. United States,

442 U.S. 100, 112–13 (1979)).

Pursuant to 18 U.S.C. § 1546(a):

> Whoever knowingly forges, counterfeits, alters, or falsely makes any
> immigrant or nonimmigrant visa, permit, border crossing card, alien
> registration receipt card, or other document prescribed by statute or
> regulation for entry into or as evidence of authorized stay or employment in
> the United States, or utters, uses, attempts to use, possesses, obtains,
> accepts, or receives any such visa, permit, border crossing card, alien
> registration receipt card, or other document prescribed by statute or
> regulation for entry into or as evidence of authorized stay or employment in
> the United States, knowing it to be forged, counterfeited, altered, or falsely
> made, or to have been procured by means of any false claim or statement,
> or to have been otherwise procured by fraud or unlawfully obtained . . .
> [s]hall be fined under this title or imprisoned . . . , or both.

(Emphases added.)  The R&R states—and this Court agrees—that "the offense of . . .

possession of an immigration document known to have been procured by false statements

[is a] distinct offense[]."  (R&R at 13.)  This Court does not agree, however, with the

6

R&R's conclusion that the offense of possession is complete when the possession "first

occurs." (See, e.g., id. at 15.) Rather, the plain meaning of "possess" is "to have and hold

as property." Merriam-Webster's Collegiate Dictionary 968 (11th ed. 2003); see Black's

Law Dictionary 1351 (10th ed. 2014) (defining "possess" as "[t]o have in one's actual

control; to have possession of"). Thus, "[p]ossession is a course of conduct, not an act,"

United States v. Jones, 533 F.2d 1387, 1391 (6th Cir. 1976), and it is not complete when it

first occurs. To construe the crime of "possess[ing]" an immigration document known to

have been unlawfully obtained otherwise would be to render superfluous the statute's

prohibitions against "obtain[ing], accept[ing], or receiv[ing]" such a document because

those offenses also would be complete when a person first possesses the document.

Accordingly, the plain and unambiguous language of § 1546(a) demonstrates that the

proscribed "possess[ion]" is the ongoing conduct of possessing an immigration document

known to have been unlawfully obtained. The nature of such an offense—i.e., continuing

criminal liability—is such that Congress must have intended it to be treated as a continuing

offense for statute of limitations purposes.[2]

---

[2]     The Court notes that the present matter is very similar to the situation in United
States v. Winnie, in which the Seventh Circuit Court of Appeals determined that the
defendant's statute of limitations argument failed without even considering the
continuing offense doctrine. 97 F.3d 975, 976 (7th Cir. 1996). The defendant in Winnie
was charged in 1995 with possession of an illegally-imported endangered species. Id. at
975–76. The defendant argued that the five-year statute of limitations had expired by that
point because all elements of the offense were present in 1981 when he imported the
animal. See id. The court rejected that argument, explaining:

> [The defendant's] contention that the offense was "committed" in 1981
> when he first took possession of the animal is contrary to the plain language
> of the statute, part of which makes it a crime "to possess" protected

###### 2.       Case law

Case law regarding possession offenses, including this particular offense, overwhelmingly supports the above conclusion.  For example, the Eighth Circuit has determined that possession of obscene materials, possession of drugs with intent to distribute, and being a felon in possession of a firearm are all continuing offenses.  See United States v. Paton, 110 F.3d 562, 565 (8th Cir. 1997) (obscene materials); United States v. Granados, 117 F.3d 1089, 1091 (8th Cir. 1997) (drugs); United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (felon in possession of a firearm).  Other circuit courts of appeal have likewise determined that possession offenses are continuing offenses. See, e.g., United States v. Blizzard, 27 F.3d 100, 102–03 (4th Cir. 1994) (discussing concealing and retaining stolen government property, "the gravamen [of which] is simply the possession of that property"); United States v. Kayfez, 957 F.2d 677, 678 (9th Cir.

---

wildlife.  [The defendant's] analysis would require a conclusion that the crime defined by Congress was "to take possession of" illegally traded wildlife, which [the defendant] did in 1981, rather than "to possess" wildlife, which he did through 1992.  Congress did not define the crime that way.   The statute of limitations thus did not begin to run until [the defendant] ceased possessing the cheetah.  It was only then that he stopped violating the law.

 . . . . So we need not venture into the thicket of the continuing offense doctrine.  [The defendant] was violating the law on the day the cheetah was seized . . . .

Id. at 976.  Likewise, this Court questions whether it needs to consider the continuing offense doctrine in light of § 1546(a)'s plain language making it unlawful to "possess[]"—not to "take possession of"—an unlawfully-obtained immigration document.  If the facts alleged in the Indictment are true, then Defendant was violating § 1546(a) on April 17, 2014.

1992) (discussing possession of counterfeit notes); United States v. D'Angelo, 819 F.2d

1062, 1066 (11th Cir. 1987) (discussing being a felon in possession of a firearm).

While the Eighth Circuit has not ruled on whether possessing an immigration

document known to have been unlawfully obtained in violation of § 1546(a) is a continuing

offense, it appears that every court that has considered the issue has found it to be so. See

United States v. Krstic, 558 F.3d 1010, 1017 (9th Cir. 2009) (finding that possession of

an alien registration receipt card knowing that it was fraudulently obtained "is a

possessory offense, not a false statement offense" and, therefore, the second Toussie

prong was satisfied because Congress expressly defined the offense as possessory);

United States v. Cvijanovic, No. 10-CR-280, 2011 WL 1498599, at *2 (E.D. Wis. Feb. 8,

2011) ("By explicitly criminalizing not merely the making of a false statement on an

immigration form[], but also the possession of immigration documents obtained as a

result of those false statements, it is clear that Congress intended to create a continuing

offense."), adopted by 2011 WL 1498595, at *1 (E.D. Wis. Apr. 19, 2011); United States

v. Vaghari, Crim. Action No. 08-693-01-02, 2009 WL 2245097, at *6 (E.D. Pa. July 27,

2009) (finding that possession of a permanent resident card known to have been procured

by fraud is a continuing offense, and "the relevant date for the statute of limitations

analysis is the final date of possession"); Order at 1, United States v. Boskovic, Case No.

3:07-cr-01-HA (D. Or. July 28, 2007), ECF No. 95 (denying the defendant's motion to

dismiss on statute of limitations grounds "in light of" Krstic); Supplemental Report and

Recommendation at 4, United States v. Ibarra, Case No. 05-5040-01-02-CR-SW-RED

(W.D. Mo. Mar. 8, 2007), ECF No. 53 (finding the second Toussie prong to be met

because possession of a fraudulently-obtained green card is a crime of possession, "and such crimes are, by their nature, ones that Congress intended to be treated as continuing offenses"), adopted by Order at 2, United States v. Ibarra, Case No. 05-5040-01-02-CR-SW-RED (W.D. Mo. Mar. 29, 2007), ECF No. 54.

While acknowledging these cases, Defendant urges this Court to adopt the R&R's reasoning that: (1) the offense at issue is different than other possession offenses because it is based not merely on possession, but also on the making of a false statement; and (2) the permanent resident card at issue is different than the contraband in the other possession cases because it is "authentic" and not "inherently contraband." (Def.'s Resp. to Govt.'s Objs. to R&R [Doc. No. 48] at 4–6; see R&R at 8–14.) These distinctions do not comport with the statutory language or case law and are insufficient to warrant different treatment for a violation of § 1546(a).

First, the gravamen of the offense at issue is possession, not the making of a false statement. This is evident from the statutory language and structure of § 1546, which separately punishes the making of a false statement in connection with procuring immigration documents. 18 U.S.C. § 1546(a) ("Whoever knowingly makes under oath . . . any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder . . . [s]hall be fined under this title or imprisoned . . . , or both.").

Second, as the court in United States v. Cvijanovic noted, "[§ 1546(a)], in effect, renders immigration documents obtained by fraud as contraband." 2011 WL 1498599, at *2, adopted by 2011 WL 1498595, at *1. This Court agrees. If the allegations in the

Indictment prove to be accurate, Defendant was issued an "authentic" permanent resident card under false pretenses, making the permanent resident card akin to stolen property—i.e., both items are tainted because they were obtained through improper means. Therefore, a fraudulently-obtained immigration document is not significantly different than the contraband at issue in the other possession cases.

For these reasons, the Court finds that § 1546(a) prohibits "possess[ion]" of an immigration document known to have been unlawfully obtained as a distinct and continuing offense.  Accordingly, the statute of limitations did not begin to run until Defendant's possession of the permanent resident card ended, and the Indictment was not untimely. However, because the R&R does not address Defendant's claim of pre-indictment delay, this matter must be remanded to the Magistrate Judge for further consideration of that issue.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Government's Objections to the Report and Recommendation [Doc. No. 47] are **SUSTAINED**;

2. The Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation [Doc. No. 46]; and

3. Defendant's Motion to Dismiss Indictment of Time-Barred Claims and for Pre-Indictment Delay [Doc. No. 24] is **DENIED** to the extent it seeks dismissal of allegedly time-barred claims, and is **REMANDED** to the Magistrate Judge for further consideration of allegations of pre-indictment delay.

Dated:  February 9, 2015                          s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge