# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Zdenko Jakisa,<br><br>Defendant. | Case No. 14-cr-119 (SRN/SER)<br><br>**MEMORANDUM OPINION AND ORDER** |

Ann Marie Ursini, United States Department of Justice, Criminal Division, 1301 New York Avenue NW, Suite 200, Washington DC 20530; and Nathan P. Petterson, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Reynaldo Aligada, Jr., Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415; and Theresa M. Bevilacqua, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on Defendant Zdenko Jakisa's Objections [Doc. No. 56] to Magistrate Judge Steven E. Rau's March 11, 2015 Report and Recommendation [Doc. No. 52], which recommended that Defendant's Motion to Dismiss Indictment of Time-Barred Claims and for Pre-Indictment Delay [Doc. No. 24] be denied without prejudice. For the following reasons, the Court overrules Defendant's Objections and adopts the Report and Recommendation.

## II.     BACKGROUND

Defendant was indicted on one count of being in possession of unlawfully-obtained documents in violation of 18 U.S.C. § 1546(a).  (Indictment [Doc. No. 1] at 1.) The Indictment alleges:

> On or about April 17, 2014, in the State and District of Minnesota, the defendant, ZDENKO JAKISA, did knowingly possess a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, that is a Permanent Resident Card (an I-551), commonly referred to as a "Green Card," which the Defendant knew to have been procured by means of materially false claims and statements and otherwise unlawfully obtained, in that in response to oral and written questions during his refugee and legal permanent resident applications, Defendant failed to reveal:
>
> a. He was a member of the . . . armed forces of the Croatian Defense Council in Bosnia and Herzegovina ("Bosnia") . . . during the Bosnian Conflict;
>
> b. He had been arrested, charged, indicted and imprisoned for breaking or violating the law in Bosnia; and
>
> c. He had committed crimes of moral turpitude in Bosnia.

(Id. at 1–2.)

Defendant moved to dismiss the Indictment on the grounds that it improperly asserts claims that are barred by the applicable statute of limitations and that there were pre-indictment delays that resulted in a violation of his rights to due process and a speedy trial.  (Def.'s Mot. to Dismiss Indictment of Time-Barred Claims and for Pre-Indictment Delay [Doc. No. 24] at 1.)  Both parties submitted briefing [Doc. Nos. 24, 32], and the matter was heard by the Magistrate Judge on October 31, 2014.  After requesting and receiving supplemental briefing [Doc. Nos. 34, 36, 37], the Magistrate Judge determined

that the Indictment was untimely and recommended that it be dismissed. (Report and Recommendation dated Dec. 30, 2014 [Doc. No. 46] at 3, 15–16.) In light of that recommendation, the Magistrate Judge declined to address Defendant's claim of pre-indictment delay. (See id. at 16.) The Government objected [Doc. No. 47] and, on February 9, 2015, this Court sustained those objections, denied Defendant's Motion to the extent that it sought dismissal of allegedly time-barred claims, and remanded the matter to the Magistrate Judge to consider Defendant's allegations of pre-indictment delay. (See Mem. Op. and Order dated Feb. 9, 2015 [Doc. No. 49] at 11.)

On March 11, 2015, the Magistrate Judge issued a Report and Recommendation on the issue of whether the alleged pre-indictment delay in this case violates Defendant's right to due process under the Fifth Amendment. (Report and Recommendation dated Mar. 11, 2015 [Doc. No. 52] ("R&R") at 3.)[1] The Magistrate Judge noted the parties' agreement that Defendant must show that the alleged pre-indictment delay caused him "actual and substantial prejudice." (See id. at 4.) The Magistrate Judge then analyzed the prejudice claimed by Defendant—i.e., inherent prejudice due to the passage of time, the loss of witness testimony, and the loss of the firearm believed to have been used by Defendant to commit murder—and concluded that Defendant failed to demonstrate the requisite prejudice. (See id. at 6–7.) First, the Magistrate Judge found that a presumption of prejudice based on the length of delay is recognized in the context of the Sixth Amendment right to a speedy trial but not in the context of a Fifth Amendment due process claim. (See

---

[1] The Magistrate Judge correctly determined that Defendant's right to a speedy trial is not implicated because Defendant alleges only pre-indictment—and not post-indictment or arrest—delay. (See R&R at 3 n.1.)

id. at 7–8.) Second, the Magistrate Judge found that Defendant's claims of prejudice relating to lost witness testimony (i.e., due to the mental illness of one police officer witness who responded to the crime scene, and the death of a possible eyewitness) are speculative because he failed to describe the substance of the testimony that would have been offered or to demonstrate that the testimony is not available through other sources. (See id. at 9–12.) Third, and similarly, the Magistrate Judge determined that Defendant's claims of prejudice relating to the lost firearm are speculative because Defendant failed to show that an inspection of the weapon would likely provide rebuttal evidence. (See id. at 13–14.) The Magistrate Judge also noted that each of these claims of prejudice relates to Defendant's expectation that the Government will try to prove that Defendant committed murder, but— given that murder is only one of the matters that the Government alleges Defendant failed to disclose when applying for permanent resident status—it is unclear at this stage of the proceedings that the absence of such evidence would affect Defendant's ability to defend himself. (See id. at 15–16.) Finally, the Magistrate Judge observed that nothing in the record demonstrates when the lost evidence became unavailable and so it is possible that it became unavailable before any pre-indictment delay occurred. (See id. at 16–18.)

Because Defendant failed to demonstrate actual and substantial prejudice, the Magistrate Judge declined to assess the Government's rationale for the delay. (See id. at 18.) However, the Magistrate Judge stated that such an analysis may become necessary should "events at trial . . . ultimately permit [Defendant] to meet his burden to show actual and substantial prejudice." (Id. at 19.) Accordingly, the Magistrate Judge recommended denying Defendant's Motion without prejudice. (Id.)

## III. DISCUSSION

The district court reviews de novo those portions of the R&R to which an objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). In his Objections, Defendant challenges the R&R's conclusion that he failed to demonstrate actual prejudice.[2] (Def.'s Objs. to R&R [Doc. No. 56] at 2.) Specifically, Defendant argues that: (1) the Sixth Amendment helps to define when the passage of time constitutes a constitutional violation under the Fifth Amendment, and that the passage of nine years from when the Government was put on notice of allegations that Defendant committed the offense for which he was ultimately indicted (and twenty years from the earliest factual allegations at issue) is sufficient to establish prejudice, (see id. at 3–5, 8); (2) a 2012 report relating to an interview with the police officer witness did not suggest that he was suffering from mental health issues at that time, (id. at 5); (3) there is evidence that the deceased witness, who "may have been at the scene of the murder" and who later stated that he committed the murder, was alive as late as 2007, (id. at 6); and (4) there is conflicting evidence about the murder weapon that could exculpate Defendant but

[2] Defendant asserts that, "contrary to the R&R's suggestion that the pre-indictment delay amounts to only five days, [Defendant's] position is that the pre-indictment delay period spans back to 2002 when his green card was issued." (Def.'s Objs. [Doc. No. 56] at 2–3.) The R&R, however, merely noted that the possession offense with which Defendant is charged is a continuing offense that did not end until his possession ended, which was on April 17, 2014. (R&R at 5–6.) The Magistrate Judge asserted that, because Defendant was indicted on April 22, 2014, the pre-indictment delay was arguably only five days. (Id. at 6.) That being said, the Magistrate Judge fully considered Defendant's allegations of prejudice beyond the five-day period. (See id. at 6–18.) Accordingly, Defendant's objection is without merit.

that cannot be confirmed without the weapon, (see id. at 6–7). Defendant also argues that, should the Court find actual prejudice, the Government cannot present sufficient reasons to justify its delay. (See id. at 8–12.)

In response, the Government argues that Defendant has simply restated his previous arguments regarding prejudice and that Defendant still does not meet his burden of demonstrating actual prejudice. (Govt.'s Resp. to Def.'s Objs. to Magistrate's R&R [Doc. No. 58] at 5.) Specifically, the Government argues that: (1) Defendant's assertion that the Court should consider the "'totality of prejudice'" resulting from the passage of time is contrary to Eighth Circuit law requiring a defendant to specifically identify lost evidence attributable to the Government's delay and, in any event, the time between Defendant's alleged criminal activities in Bosnia and commencement of the charged conduct at issue in this case is irrelevant, (see id. at 7–8); (2) the allegations of prejudice relating to the police officer are insufficient because neither the witness nor his health condition is identified, and there is no indication of the expected substance of his testimony or whether it could be presented through other sources, (see id. at 8–9); (3) the allegations of prejudice relating to the deceased witness who allegedly implicated himself in the murder are speculative because Defendant offers no reason why that witness would have changed his previous testimony (provided in Bosnia) that he was not present when the murder was committed, (see id. at 10); and (4) Defendant has not specifically demonstrated how the unavailability of the murder weapon—which was seized in 1993 and subjected to forensic examination in Croatia in 1995—would prejudice him or that the loss was due to Government delay, (see id. at 11–12). The Government also argues that, even if Defendant could demonstrate actual

6

prejudice, he cannot demonstrate that the Government intentionally or deliberately caused the delay for an improper purpose. (See id. at 12–14.)

The Court agrees with the Magistrate Judge and the Government and, therefore, overrules Defendant's Objections. In order to establish a Fifth Amendment due process violation for pre-indictment delay, the defendant must show that: "(1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him." United States v. Jackson, 446 F.3d 847, 849 (8th Cir. 2006) (citations omitted). The second prong is analyzed only if actual prejudice is established. United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000) (citation omitted).[3] To demonstrate actual prejudice, "the defendant must identify specific witnesses or documents lost during the delay and the information they would have provided," Jackson, 446 F.3d at 851 (citation omitted), "the defendant must show that the missing testimony or information is not available through other sources," id. (citation omitted), and the defendant must show that the evidence was "lost during delay properly attributable to the government," Sturdy, 207 F.3d at 452 (citation and internal quotation marks omitted). "[A]n assessment of the nature and degree of the prejudice resulting from the missing evidence must be made in light of the overall strength of the government's case." United States v. Benshop, 138 F.3d 1229, 1234 (8th Cir. 1998) (citation omitted). Thus, "[a]lleged prejudice is

---

[3] Defendant disputes the above articulation of the second prong of the pre-indictment delay analysis. (See Def.'s Objs. at 3.) However, the Court need not resolve that issue because the Court finds that Defendant has failed to establish actual prejudice.

insufficient to establish a due process violation if it is insubstantial, speculative, or premature." Jackson, 446 F.3d at 851 (citation omitted).

Defendant has not met his burden to establish actual and substantial prejudice in this case. First, contrary to Defendant's assertion, the passage of time alone—however significant—is not sufficient to raise a presumption of prejudice in the context of a Fifth Amendment due process claim. See id. at 852 (stating that "the presumption of prejudice in cases of post-accusation delay, which implicate the Sixth Amendment speedy trial right . . . is not recognized in the Fifth Amendment due process analysis"). Second, even if the police officer's mental health issues did not arise until after 2012, Defendant's allegations are too speculative to establish prejudice because Defendant has failed to identify the officer's expected testimony or to address whether the testimony is available through other sources. Third, and similarly, even if the purported eyewitness was alive as late as 2007, Defendant's suggestion that he would have testified to committing the murder himself is too speculative—and any possible prejudice insufficiently substantial—in light of the individual's prior contrary testimony in Bosnia. See Benshop, 138 F.3d at 1234–35 (finding that the defendant was insufficiently prejudiced by the unavailability of a trial witness who the defendant alleged would provide exculpatory testimony, because the potential witness had previously made a contrary written statement and it was "reasonable to conclude that [the witness] would not have testified as [the] defendant allege[d]"). Fourth, Defendant has not explained how the loss of the firearm sometime after 1995—i.e., ten years prior to when Defendant argues the Government was put on notice of allegations that Defendant committed the offense for

8

which he was ultimately indicted—was due to delay attributable to the Government and not some other cause.  Finally, as the Magistrate Judge noted, each of these claims of prejudice relates to Defendant's expectation that the Government will try to prove that Defendant committed murder, but murder is only one of the matters that the Government alleges Defendant failed to disclose when applying for permanent resident status.  Thus, it is unclear that the absence of this evidence would affect Defendant's ability to defend himself.

For these reasons, the Court finds that Defendant has failed to meet his burden to establish that any pre-indictment delay resulted in actual and substantial prejudice to the presentation of his defense sufficient to constitute a Fifth Amendment due process violation.  Accordingly, unless events at trial permit Defendant to meet his burden, the Court need not analyze the reasons for the delay.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Objections [Doc. No. 56] to the Report and Recommendation are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 52]; and

3. Defendant's Motion to Dismiss Indictment of Time-Barred Claims and for Pre-Indictment Delay [Doc. No. 24] is **DENIED WITHOUT PREJUDICE**.

Dated:  April 21, 2015                                           s/Susan Richard Nelson
                                                                 SUSAN RICHARD NELSON
                                                                 United States District Judge